# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of David L. Savage, Respondent.

Appellate Case No. 2016-001529

Opinion No. 27678
Submitted October 31, 2016 – Filed November 16, 2016

## PUBLIC REPRIMAND

Lesley M. Coggiola, Disciplinary Counsel, and William
C. Campbell, Assistant Disciplinary Counsel, both of
Columbia, for Office of Disciplinary Counsel.

Gerald Malloy, Malloy Law Firm, of Hartsville, and
William Angus McKinnon, McGowan Hood & Felder,
LLC, of Rock Hill, for Respondent.

**PER CURIAM:**   In this attorney disciplinary matter, the Office of Disciplinary
Counsel and respondent have entered into an Agreement for Discipline by Consent
(Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to
the imposition of confidential admonition or public reprimand.  We accept the
Agreement and issue a public reprimand.  The facts, as set forth in the Agreement,
are as follows.

## Facts and Law

Respondent and client met on June 20, 2010, regarding a criminal charge of rape
and a potential civil claim against client's former paramour.  Respondent was not
retained at that time.  On August 6, 2010, client filed a report of her paramour's
actions with the police department.  On August 23, 2011, client's paramour pled

nolo contendere to the charge of Assault and Battery of a High and Aggravated Nature and was sentenced to thirty (30) days of weekend incarceration, 500 hours of community service, and three (3) years' probation. Client subsequently retained respondent, who filed a civil suit against client's paramour on December 21, 2011. The case proceeded with discovery and negotiations.

Respondent began a sexual relationship with client in mid-September 2013. Respondent ended the sexual relationship in January 2014. According to respondent, the sexual relationship did not interfere with his handling of the civil case but was an act of very poor judgment. Respondent discovered the paramour had a number of judgments against him and very few unencumbered assets. Respondent notified client sometime after March 2014 that a substantial settlement of the civil case was not likely, but he continued to work on the case, setting a deposition for July 7, 2014. On July 2, 2014, another attorney told respondent on behalf of client that respondent's services were terminated. The attorney also told respondent to notify his malpractice carrier of a potential lawsuit alleging the sexual relationship had affected respondent's handling of the civil case. A courier for client retrieved client's file from respondent on July 30, 2014. Respondent reported these events to Disciplinary Counsel, and a few days later, another attorney filed a complaint with Disciplinary Counsel.

Respondent admits his conduct violated Rule 1.8(m) of the Rules of Professional Conduct, Rule 407, SCACR (a lawyer shall not have sexual relations with a client when the client is in a vulnerable condition or is otherwise subject to the control or undue influence of the lawyer, when such relations could have a harmful or prejudicial effect upon the interests of the client, or when sexual relations might adversely affect the lawyer's representation of the client). Respondent admits this violation constitutes grounds for discipline under Rule 7(a) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR.

## Conclusion

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**